LITTLE ROCK SCHOOL DISTRICT; Mrs. Lorene Joshua, etc., et al.; Pulaski County Special School District No. 1, et al.; and North Little Rock School District, et al., Appellants,

v.

ARKANSAS STATE BOARD OF EDUCATION, et al., Appellees.

Nos. 89–2288EA, 89–2289EA, 89–2352EA, 89–2353EA, 90–1165EA, 90–1166EA, 90–1167EA, 90–1579EA and 90–1580EA.

United States Court of Appeals, Eighth Circuit.

July 2, 1990.

Before ARNOLD and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

ORDER

We heard oral argument on these appeals on June 21, 1990, at some length. On

the basis of the argument, the thorough briefs filed by the parties, and our study of relevant portions of the record, we are sufficiently advised to enter this order for the guidance of the parties and the District Court during the pendency of these appeals.

1. The Tri–District Plan provides for the use of presently operating school facilities in a manner different in some respects from the uses proposed by the parties under the settlement plans. To the extent of any such differences, the presently operating school facilities involved shall be used for the 1990–1991 school year in accordance with the Tri–District Plan.

2. New facilities required under the Tri–District Plan but not under the settlement plans shall not be constructed absent agreement of all parties. New programs required under the Tri–District Plan but not under the settlement plans may, if planning can be completed in time, be operated for the 1990–91 school year.

3. During the pendency of these appeals, there shall be no mandatory merger of functions among the school districts, but the cooperative planning required under the settlement plans shall be carried forward.

4. We understand that the District Court is now considering applications from persons desiring to succeed the late Gene Reville as Metropolitan Supervisor. The District Court is instructed to advise such persons that if they are employed their powers and duties will be subject to the outcome of these appeals, with the possibility that they will, in the end, be without coercive powers, but serve instead as monitors of the parties' compliance with whatever orders are entered following the final determination of these appeals.

5. The State Board of Education is directed to make immediate payment of settlement sums due July 1, 1989, directly to PCSSD and NLRSD. In addition, the payments scheduled for July 1, 1990, shall be made on July 2, 1990, or as soon thereafter as possible. The question whether the 1989 payments should bear interest will be reserved for further decision by this Court.

To the extent that this order is inconsistent with any of the orders of the District Court from which these appeals have been taken, those orders are hereby stayed during the pendency of these appeals. In all other respects, the orders of the District Court shall remain in full force and effect during the pendency of these appeals.

We have before us a motion filed by all appellants to supplement the record. Appellees do not oppose the motion. The motion is granted.

It is so ordered.